NEW ENGLAND S. S. CO. v. R. G. PACKARD DREDGING CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 72.

Navigable Waters ⊚═26(3)—Obstruction by Rocks in Channel—Suit for Damages.

Evidence *held* insufficient to sustain the allegation of a libel that an injury to the bottom of libelant's steamer was caused by striking rocks thrown up by respondent dredging company in the course of its work.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 152–166.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the New England Steamship Company against the R. G. Packard Dredging Company. Decree for respondent, and libelant appeals. Affirmed.

Haight, Sandford & Smith, of New York City, for appellant.
Alexander & Ash, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.   September 15, 1913, at 6:30 a. m., libelant's steamer Providence, drawing 13 feet 1 forward and 13 feet aft, on a trip from Providence to New York, touched some submerged object or objects, sustaining considerable injury to her bottom.

The place of the accident was in the East River, somewhere between Sunken Meadows and the Long Island shore, where there is a long stretch of deep water running northeast and southwest over 1,000 feet wide, except for a reef called the Middle Ground, which runs lengthwise about 1,000 feet in the same compass direction and is at the widest 300 feet in a direction at right angles, southeast and northwest. The tide was dead low water; the tide gauge at Ward's Island showing .08 below mean low water. The government charts between September 13, 1912, and July 1, 1915, showed not less than 18 feet of water all over the reef at mean low water. The government has been increasing the depth of water at the Middle Ground for many years past, and at the time of this accident the respondent, the R. G. Packard Dredging Company, was engaged, under a contract with the War Department, in lowering the depth to 26 feet below mean low water.

The Providence is a side-wheel steel steamer, about 397 feet long, with a flat bottom and a plate keel, which does not project. When she reached her pier at New York a number of frames on her starboard side were found to be bent or broken, and 2 feet of water was found under the forward boiler, 20 inches under the after boiler, a little in the tank under the forward engine, and about an inch under the after engine. Water had evidently run in as a result of the injury and put the steamer further down by the head. The next day the steamer was put on the dry dock and a scoring was found, beginning at a point about 100 feet abaft the stem on the starboard side of the keel some 175 feet long, and a similar scoring on the port side for about half the distance. These scorings were parallel with the keel, and the distance between the extreme damage on the two sides was about 20 feet. The after part of the bottom was unmarked.

The respondent's plant had been temporarily withdrawn September 11, 1913, and a spar buoy left at the point where excavations had ceased. The government swept the work of the contractor between September 18 and 26, 1913, with a scow carrying on her port side an iron bar over the bottom parallel with the stream and found a spot with only 10.9 feet of water over it at low water on September 26th. September 28th and 29th the libelant sent a diver down at this point who found a rock some 7 feet high, wedge-shaped up to a sharp pinnacle point, and another, about 8 feet north of it, not so high. He measured the distance between the two rocks by spanning with his arms outstretched. These rocks were on the bottom, where the respondent had not excavated forming a ledge, next to a range which it had excavated and cleared to the required depth. It is upon these rocks that

the libelant claims the steamer struck, and unless it proves this the libel should be dismissed.

Judge Hough discussed a great many propositions about which we will express no opinion. His final conclusion was that the libelant had not sustained the burden of proof lying upon it to show that the steamer struck upon these rocks. We concur in this. Assuming that the rocks were thrown up by the Dredging Company, and that they should have been buoyed by it, we do not believe the steamer touched them, the scorings on her bottom show that when the accident happened the steamer must have been proceeding on a steady course because they ran parallel to the keel. It would not have been possible for two rocks within 8 feet of each other to make these scorings, which were at points 20 feet apart; nor could the bottom of a steamer drawing 13 feet strike a rock with only 11 feet of water over it, more especially at a point 100 feet abaft the stem. Finally, the highest of the two rocks found would have struck on the port side of the keel, whereas the serious damage was done on the starboard side.

It has been several times proved that a dangerous obstruction may exist for a long time in a much used waterway without appearing on the government charts. Such a case was that of the Pilgrim Rock in the East River off Twentieth street, so called because it was first discovered by the steamer Pilgrim striking on it. So there was the case of an unknown rock in Quick's Hole. The Nathan Hale, 99 Fed. 460, 39 C. C. A. 604, and also in Lehigh Valley Transportation Co. v. Knickerbocker Steam Towage Co., 212 Fed. 708, 129 C. C. A. 318. The steamer may have touched bottom at some point on or near the place where the respondent was working, but we are satisfied she did not touch the rocks in question.

The decree is affirmed, with costs.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes